IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTIONETTE GLOVER, | |
| Plaintiff, | NO. 3:06-CV-1548 |
| v. | (JUDGE CAPUTO) |
| BALLY TOTAL FITNESS CORP., ARROW FINANCIAL SERVICES, LLC, ASSET ACCEPTANCE, LLC, and LHR, INC., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court are Defendants Bally Total Fitness Corp. ("Bally") and LHR, Inc. ("LHR")'s motions to dismiss in part (Docs. 4, 8) the Plaintiff's Complaint. For the reasons stated below, the motions to dismiss will be granted in part and denied in part. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 ("federal question") and exercises supplemental jurisdiction over Plaintiff's state- and common-law claims pursuant to 28 U.S.C. § 1367.

**BACKGROUND**

The facts as alleged in Plaintiffs' Complaint (Doc. 1) are as follows. In 1998, Plaintiff resided in Duncanville, Texas, and purchased a one-year membership at a Bally Total Fitness Center located in Duncanville. (*Id.* ¶ 12.) In 1999, Plaintiff relocated to Bonham, Texas, more than 100 miles from the fitness center in Duncanville. (*Id.* ¶ 13.) Under the terms of the membership agreement ("the Agreement"), Plaintiff was entitled to cancel her membership without paying the $200.00 early-cancellation fee because she

moved more than 100 miles from the location where she bought the membership.  (*Id.* ¶ 14.)

Subsequently, on a date unknown to Plaintiff and continuing to the present, Bally reported an amount due for the early cancellation as unpaid on Plaintiff's credit report.  (*Id.* ¶ 15.)  On February 11, 2004, Plaintiff refinanced her residence in Pennsylvania, during which she was notified of a negative remark on her credit report by Defendant LHR, a debt collection agency, on behalf of Bally.  (*Id.* ¶¶ 11, 16; Compl. Ex. A.)  On March 23, 2004, Plaintiff received a correspondence from Chris Coleman of Defendant Arrow Financial Services, LLC ("Arrow"), a second debt collection agency, on behalf of Bally listing a balance of $915.58 and demanding payment of $457.79.  (*Id.* ¶ 7, 17; Compl. Ex. B.)  Plaintiff, in an attempt to clear her credit report, contacted representatives from LHR.  (*Id.* ¶ 18.)   On May 19, 2004, Plaintiff received written confirmation from J.P. Michaels of LHR that the information reported on her credit report on behalf of Bally had been reported in error, and would be removed.  (*Id.* ¶ 19; Compl. Ex. C.)

On July 26, 2004, Plaintiff closed on her mortgage loan.  However, due to the negative issues on her credit report, Plaintiff's loan was required to be manually underwritten, causing an increase in her interest rate.  (*Id.* ¶ 20; Compl. Ex. F.)  On August 4, 2004, Plaintiff received correspondence from Travis McGee of Asset Acceptance, LLC ("Asset")–a third debt collection agency who claimed to have purchased the account from Bally–demanding payment of $302.73.  (*Id.* ¶ 21; Compl. Ex. D.)  On February 28, 2006, Plaintiff received correspondence from Asset, on behalf of Bally, listing a balance due of $343.82 and demanding payment.  (*Id.* ¶ 22; Compl. Ex. E.)  On

May 15, 2006, Plaintiff obtained an opinion from Orange Financial Services ("Orange"), indicating that as a result of the higher interest rate, Plaintiff would be forces to pay an additional $11,807.08 over the life of the loan.  (*Id.* ¶ 23; Compl. Ex. G.)

On August 9, 2006, Plaintiff filed her Complaint (Doc. 1).  On August 21, 2006, Bally filed their present motion to dismiss in part.  (Doc. 4.)  On September 6, 2006, LHR filed their present motion to dismiss in part.  (Doc. 8.)  These motions are fully briefed and ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all of the facts alleged in the complaint and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint."  *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998); *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994).  The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the

3

defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

Defendants Bally and LHR both move the Court to dismiss Counts III, IV, and V of Plaintiff's Complaint, as well as Plaintiff's request for punitive damages in these Counts. Count III alleges abuse of process by Defendants for attempting to collect payments from Plaintiff which are not in fact due, and for causing the subsequent non-payment of these invalid claims to be reported on her credit report. Count IV alleges fraud on the part of Defendants in knowingly misrepresenting these invalid claims to respective creditors and the three major credit reporting agencies. Count V alleges negligent misrepresentation

by Defendants in negligently supplying false information to third-parties and respective creditors. For the reasons stated below, the Court will grant Defendants' motions to dismiss Count III along with the punitive damages request contained therein, and deny Defendants' motions to dismiss Counts IV and V, along with punitive damages requests contained in those Counts.

### A. Count III - Abuse of Process

The tort of abuse of process is defined as use of the legal process against another "primarily to accomplish a purpose for which it is not designed." Restatement (Second) of Torts § 682 (1977); *see also Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 304 (3d Cir. 2003) *(citing Dumont Television & Radio Corp. v. Franklin Elec. Co. of Phila.*, 154 A.2d 585, 587 (Pa. 1959)). Generally speaking, to recover under a theory of abuse of process, a plaintiff must show that the defendant used legal process in a way that constituted a perversion of that process and caused harm to the plaintiff.

In this case, while alleging that Defendants' actions worked to her detriment, Plaintiff has not alleged that Defendants Bally or LHR used any legal process whatsoever. Plaintiff alleges only that Defendants reported an invalid debt to credit reporting agencies. The gist of an action for abuse of process under Pennsylvania law is improper use of process after it has been issued. *See Gen. Refractories*, 337 F.3d at 297. The Court can find no support for the argument that the tort of abuse of process may be maintained prior to the initiation of some proceeding before a court. Accordingly, Plaintiff has failed to state a claim in Count III upon which relief can be granted, and the Court will grant Defendants Bally and LHR's motions to dismiss this Count.

**B.  Count IV - Fraudulent Misrepresentation**

In their motions to dismiss Count IV, Defendants argue that Plaintiff has failed to comply with Rule 9(b) of the Federal Ruled of Civil Procedure since she has not alleged her claim of fraud with the requisite specificity.  "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally." FED.R.CIV.P. 9(b).  "The purpose of Rule 9(b) is to provide notice of the 'precise misconduct' with which defendants are charged" in order to give them an opportunity to respond meaningfully to a complaint, "and to prevent false or unsubstantiated charges." *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 658 (3d Cir. 1998).

To state a claim for fraud, a plaintiff must allege: (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his or her damage.  *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 284 (3d Cir.1992).  "There is a special kind of proximate cause requirement for fraud and misrepresentation, and plaintiff must demonstrate that a specific statement caused a specific harm."  *Sun Co., Inc., v. Badger Design & Constructors, Inc.*, 939 F.Supp. 365, 369 (E.D. Pa. 1996) (quoting *Hurt v. Phila. Hous. Auth.*, 806 F.Supp. 515, 530 n. 25 (E.D. Pa. 1992)).  Plaintiff may not simply point to a bad result and allege fraud; plaintiff must inject precision and some measure of substantiation into the allegations of fraud specifying who, what, when, where, and how. *See Sun Co.*, 939 F.Supp. at 369.  The Third Circuit Court of Appeals has cautioned,

however, that courts should "apply the rule with some flexibility and should not require plaintiffs to plead issues that may have been concealed by the defendants." *Rolo*, 155 F.3d at 658 (citing *Christidis v. First Pa. Mortgage Trust*, 717 F.2d 96, 99 (3d Cir. 1983)).

Turning to the present action, the Court finds that Plaintiff has sufficiently alleged fraud so as to satisfy the heightened pleading requirements of Rule 9(b). Count IV of the Complaint states that "Defendants knowingly misrepresented to all three credit reporting agencies, and (sic) well as prospective credit grantors, a debt which was not due and owing in derogation of Plaintiff's credit," and that said representations were relied upon by potential credit grantors. While this claim is somewhat overbroad, Plaintiff provides documentation from Defendant LHR acknowledging that the information on Plaintiff's credit report was placed there in error, and would be removed. (Compl. Ex. C.) Though not explicitly stated in the Complaint, the Court may reasonably infer at the motion to dismiss juncture that Plaintiff notified Bally when she moved out of the Duncanville area, therefore entitling her to cancel the Agreement. LHR's explicit acknowledgment that the claim on Plaintiff's credit report was in error could have only been made by LHR after discussions with Bally, confirming this error on Plaintiff's credit report.

Plaintiff, prior to any discovery, would not have the ability to identify who was involved in supposed discussions between Bally and LHR, nor would she be able to determine exactly when any such discussions occurred. The Third Circuit Court of Appeals has stated that "where it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control, the rigid requirements of Rule 9(b) may be relaxed." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 n.8 (2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir.

7

1997)).  The averments made by Plaintiff, therefore, are sufficient to satisfy the first two requirements of a fraud claim.  As to the third prong of the test, there is no indication that the credit reporting agencies had any indication of the falsity of the charge prior to placing same on Plaintiff's credit report.

Since Defendants' intent may be averred generally, the fact that the unpaid charge was submitted to the credit reporting agencies infers the intent of Defendants to have this information acted upon to Plaintiff's detriment.  Furthermore, Plaintiff has made a sufficient showing that the information falsely contained on her credit report was the proximate case of the actual harm she incurred, *i.e.*, an increased mortgage interest rate.  Plaintiff has adequately alleged, therefore, all of the elements of a fraud claim with the specificity required by Rule 9(b).  Accordingly, the Court will deny Defendants Bally and LHR's motions to dismiss this Count.

### C.  Count V - Negligent Misrepresentation

"Negligent misrepresentation requires: (1) a misrepresentation of material fact; (2) made under circumstances in which the misrepresenter ought to have known of the falsity; (3) with an intent to induce another to act on it; and [ ](4) which results in injury to a party acting in justifiable reliance on the misrepresentation."  *Tran v. Metro. Life Ins. Co.*, 408 F.3d 130, 136 n.8 (3d Cir. 2005) (citing *Bortz v. Noon*, 729 A.2d 555, 561 (Pa. 1999)).  Negligent misrepresentation does not require that the defendant know his or her words are untrue, but requires that the defendant "failed to make a reasonable investigation of the truth of these words."  *Gibbs v. Ernst*, 647 A.2d 882, 890 (Pa. 1994).  As in Count IV, Plaintiff has sufficiently alleged each of the elements required to maintain

this cause of action.  Accordingly, the Court will deny Defendants Bally and LHR's motions to dismiss this Count.

### D.  Punitive Damage Claims in Counts III, IV, and V

Because the Court will dismiss Counts III of the Complaint, Plaintiff's prayer for punitive damages in that Count will also be dismissed.  However, Plaintiff will be permitted to seek punitive damages on her claims of fraud and negligent misrepresentation.  The Court will therefore grant Defendants Bally and LHR's motions to dismiss Plaintiff's request for punitive damages in Count III, and deny these motions with respect to Counts IV and V.

## CONCLUSION

For the reasons set forth above, the Court will grant Defendants' motions to dismiss Count III of Plaintiff's Complaint, and deny Defendants' motions to dismiss Counts IV and V, as well as Plaintiff's prayer for punitive damages in Counts IV-V.  An appropriate Order follows.

| | |
|---|---|
| February 9, 2007 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ANTIONETTE GLOVER,

    Plaintiff,

        v.

BALLY TOTAL FITNESS CORP.,
ARROW FINANCIAL SERVICES, LLC,
ASSET ACCEPTANCE, LLC, and LHR,
INC.,

    Defendants.

NO. 3:06-CV-1548

(JUDGE CAPUTO)

## ORDER

**NOW**, this __9th__ day of February, 2007, **IT IS HEREBY ORDERED** that:

(1)     Defendants Bally Total Fitness Corp. and LHR, Inc.'s motions to dismiss (Docs. 4, 8) Count III of Plaintiff's Complaint (Doc. 1) are **GRANTED**.

(2)     Defendants Bally Total Fitness Corp. and LHR, Inc.'s motions to dismiss (Docs. 4, 8) Count IV of Plaintiff's Complaint (Doc. 1) are **DENIED**.

(3)     Defendants Bally Total Fitness Corp. and LHR, Inc.'s motions to dismiss (Docs. 4, 8) Count V of Plaintiff's Complaint (Doc. 1) are **DENIED**.

(4)     Defendants Bally Total Fitness Corp. and LHR, Inc.'s motions to dismiss (Docs. 4, 8) the punitive damage requests contained in Counts III, IV, and V of Plaintiff's Complaint (Doc. 1) are:

        (i)     **GRANTED** as to Count III; and

        (ii)     **DENIED** as to Counts IV and V.

        /s/ A. Richard Caputo
        A. Richard Caputo
        United States District Judge